IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID W. HULL,                          )
                                        )        Civil Action No. 09 - 692
                    Plaintiff,          )        District Judge Gary Lancaster
                                        )        Magistrate Judge Lisa Pupo Lenihan
v.                                      )
                                        )
CHRIS EYSTER,                           )
                                        )
                    Defendant.          )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.        RECOMMENDATION

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B).

II.       REPORT

Plaintiff, David W. Hull, is a federal prisoner who filed a Complaint in the above-captioned action naming his criminal defense attorney as the sole Defendant.  Plaintiff claims arise under the rule announced in Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), wherein the Supreme Court recognized a cause of action for damages against a federal agent when, acting under color of his authority, he violated an individual's constitutional rights.

This Court is required, prior to docketing or as soon as practicable after docketing, to review a complaint in a civil action in which a plaintiff is proceeding *in forma pauperis*.  28 U.S.C. § 1915(e)(2)(B).  The Court must *sua sponte* dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief

from a defendant who is immune from such relief.  *Id.*  A claim is frivolous if it "lacks even an arguable basis in law" or its factual allegations describe "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir.1990).

In Polk County v. Dodson, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law under 42 U.S.C. § 1983 (the statutory counterpart to a Bivens claim) when performing the traditional functions of counsel to a criminal defendant in a state proceeding.  Similarly, a defense attorney, appointed by a federal court in a federal criminal proceeding, is not considered a federal officer for purposes of a Bivens action.  *See, e.g.*, Richards v. Flynn, 263 Fed, Appx, 496 (7th Cir. 2008) (affirming *sua sponte* dismissal of Bivens action brought against assistant federal defender); Cox v. Hellerstein, 685 F.2d 1098 (9th Cir.1982) (affirming dismissal of Bivens action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding"); Allred v. McCaughey, 257 Fed. Appx. 91, 92-93 (10th Cir. Dec. 3, 2007); Hairabedian v. Berger, 951 F.2d 1259, 1991 WL 275638 (10th Cir. Dec. 20, 1991) (upholding dismissal of a Bivens claim against a private attorney because he is not a "federal actor").

Alternatively, Plaintiff's claim for damages is barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must

prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. *See also* Edwards v. Balisok, 520 U.S. 641, 645-47 (1997). Because Plaintiff's allegations in the instant Complaint do not indicate that his conviction has been overturned or invalidated, or called into question by the issuance of a writ of habeas corpus, Plaintiff's damage claim, which necessarily implies the invalidity of his conviction, are not cognizable under Bivens at this time.

**III.**         **CONCLUSION**

It is respectfully recommended that the Complaint be dismissed with prejudice in accordance with the directives of the Prison Litigation Reform Act under 28 U.S.C. § 1915(e)(2)(B).

Lisa Pupo Lenihan
U.S. Magistrate Judge

Dated:         September 17 , 2009

David W. Hull
07657068
U.S.P. Allenwood
P.O. Box 3000
White Deer, PA 17887