IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID W. HULL, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 09-692 |
| | ) District Judge Gary Lancaster |
| | ) Magistrate Judge Lisa Lenihan |
| CHRIS EYSTER, | ) |
| Defendant. | ) |

MEMORANDUM ORDER

Gary L. Lancaster,
Chief District Judge.                                  November 19, 2009

Plaintiff, David W. Hull, is a federal prisoner who has filed a pro se 42 U.S.C. § 1983 complaint against Chris Eyster, his former attorney. For the reasons set forth therein, this court adopted the magistrate judge's report and recommendation that plaintiff's complaint be dismissed with prejudice in accordance with 28 U.S.C. §1915(e)(2)(b). Plaintiff has since filed a motion for reconsideration.

In his motion for reconsideration, Hull alleges that he filed suit against defendant in his "individual and official capacity, being an officer of the Court, clearly a Federal position." Section 1983 actions, however, "may only be maintained against persons acting under color of state law." D.R. by L.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1368, n. 9 (3d Cir. 1992). A private attorney is not a state actor by

virtue of being an officer of the court. See Polk County v. Dodson, 454 U.S. 312, 318 (1981); Drum v. Nasuti, 648 F.Supp. 888, 896 (E.D. Pa. 1986). Not even public defenders are considered state actors for purposes of section 1983. See Polk, 454 U.S. at 325. Here, plaintiff's attorney was privately retained, not acting under the color of state law; and therefore, he may not be sued under § 1983. Plaintiff's § 1983 claim must fail.

However, Hull's pro se complaint may be construed as one alleging legal malpractice, rather than a civil rights violation. See Leamer v. Fauver, 288 F.3d 532, 547 (3d Cir. 2002) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating that the court should construe pro se pleadings liberally). In his complaint, plaintiff alleged that defendant did nothing to earn the fee he was paid, arguing that defendant "showed up at my sentencing hearing totally unprepared and lacking even the essential [pre-sentencing investigation] report."

In his motion for reconsideration, plaintiff makes clear that he was not challenging his sentence or his conviction. As a result, this may be construed simply as a legal malpractice case. Because legal malpractice does not implicate federal law, and there is no diversity of citizenship, the court lacks subject matter over his claim.

Accordingly, plaintiff's motion for reconsideration is GRANTED. However, because the court lacks subject matter

jurisdiction over his legal malpractice claim, the case is dismissed without prejudice to plaintiff's right to file a claim for legal malpractice against defendant in the appropriate state court.

Gary L. Lancaster, Chief J.

cc: All parties of record

Magistrate Judge Lenihan